UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AMERICAN BELGIAN LAEKENOIS ASSOCIATION, INC., SHARRI HUNT, DONALD L. HYATT, II, SONJA OSTROM, and SUZANNE WRIGHT  PLAINTIFFS | * * * * * * | CIVIL ACTION NO. |
| VERSUS | * * | JUDGE |
| CAROL SHIELDS, LANA TERESI, JACQUELINE TEW, KATIE DOOMY, and VICKI BOUCHILLON  DEFENDANTS | * * * * * | MAG. JUDGE |

\*   \*   \*   \*   \*   \*   \*   \*

**COMPLAINT FOR WRIT OF QUO WARRANTO, DECLARATORY JUDGMENT, AND EQUITABLE RELIEF**

NOW COMES INTO COURT, pro se and through the undersigned counsel, the American Belgian Laekenois Association, Inc., Sharri Hunt, Donald L. Hyatt, II, Sonja Ostrom, and Suzanne Wright ( hereinafter collectively "plaintiffs") who for their Complaint, respectfully represents that:

1.

The following entity and natural persons are made plaintiff herein:

a.   The American Belgian Laekenois Association, Inc. a domestic Louisiana non-profit corporation domiciled in the Parish of St. Tammany, State of Louisiana.

b.   Sharri Hunt, a natural person of the age of majority, who is a citizen of the State of North Carolina, County of Catawba.

c.   Donald L. Hyatt, II, a natural person of the age of majority, who is a citizen of the State of Louisiana, Parish of St. Bernard.

d.	Sonja Ostrom, a natural person of the age of majority, who is a citizen of the State of Colorado, County of Adams.

e.	Suzanne Wright, a natural person of the age of majority, who is a citizen of the State of Florida, County of Clay.

2.

Made defendant herein are the following individuals:

a.	Carol Shields, a natural person of the age of majority, who is a citizen of the State of New Jersey, County of Monmouth.

b.	Lana Teresi, a natural person of the age of majority, who is a citizen of the State of California, County of San Joaquin.

c.	Jacqueline Tew, a natural person of the age of majority, who is a citizen of the State of Connecticut, County of Hartford.

d.	Katie Doomy (a/k/a Kathryn Toth), a natural person of the age of majority, who is a citizen of the State of Georgia, County of Cobb.

e.	Vicki Bouchillon, a natural person of the age of majority, who is a citizen of the State of Idaho, County of Gem.

3.

ABLA is an AKC licensed breed club for the Belgian Laekenois. As the parent breed club recognized by the AKC ABLA is responsible for maintaining the breed standard, holding one or more national specialty conformation shows for the breed each year, holding other dog sport and educational events related to the Belgian Laekenois, and similar business. ABLA also has certain duties to the AKC, including annual reports concerning the officers and directors and the provision of an annual membership list.

4.

Effective January 1, 2022, the officers and board of ABLA were constituted as follows:

President - Sharri Hunt

Vice-President - Carol Shields

Secretary - Donald L. Hyatt, II

Treasurer - Jenni Wren

Board Member - Suzanne Wright

Board Member - Katie Doomy (a/k/a Kathryn Toth)

Board Member - Sonja Ostrom

The foregoing officers and directors assumed office by acclamation after they were nominated and there were no challengers for any position listed.

5.

At all relevant times Ms. Shields, in addition to being Vice-President, was also the Membership Chair, which included recruiting new members, retaining old members, maintaining the records of applications, and maintaining the membership list reflecting the current dues paying members.

6.

The undersigned received a communication from the AKC requesting the annual reports concerning officers and directors and the annual report of the active membership list. Throughout January and February of 2022 the undersigned emailed Ms. Shields requesting the appropriate membership list. While Ms. Shields eventually responded the one thing which was not forthcoming at all was a current membership list. Ms. Wren, the treasurer sent some information,

but not a complete and current membership list. (Ex. A in globo, Shields misconduct complaint packet.)

7.

The failure to provide the membership lists, as well as other conduct, led to the filing of a misconduct complaint against Ms. Shields for consideration by the Board. (Ex. A in globo, Shields misconduct complaint packet.)

8.

Ms. Wren, in addition to being Treasurer, was the event secretary for an ABLA sponsored herding trial. In addition to herding trials, the plan was that other events such as Canine Good Citizen, Trick Dog, and Temperament Testing would be hosted. These additional events are historically a good draw for club events and generate easy income for the club. As described in the complaint of misconduct against her, Ms. Wren acted in a way which effectively prevented the additional events from being hosted.

9.

The failure to properly handle the events, and upon information and belief, actively working in concert with others to see to it that a competing dog event on the same day in Mississippi had the same events within a geographical exclusion area mandated by AKC, led to the filing of a misconduct complaint against Ms. Wren for consideration by the Board. (Ex. B in globo, Wren misconduct complaint packet.)

10.

Upon receipt of the misconduct complaints and consultation with Pres. Hunt, the undersigned scanned them and forwarded them to the whole ABLA Board for consideration. As required by the ABLA Bylaws a special meeting of the Board was set for May 4, 2022 to

determine whether the ABLA Board had jurisdiction over the complaints pursuant to the Bylaws. (Ex. C, Hyatt email of April 20, 2022 and Ex. D, ABLA Bylaws as amended in 2020.)

11.

Certain protective measures were taken given that Ms. Shields and Ms. Wren had pending misconduct complaints. First, pursuant to direction from Pres. Hunt the undersigned had Chase Bank remove Ms. Wren from the signature card on the ABLA account. Second, resolutions were passed by email voting to relieve Ms. Wren and Ms. Shields of any duties for their offices until the misconduct proceedings were finished. It must be noted, these resolutions did not remove them from their named offices, they simply relieved them of their duties until the situation could be resolved. (Ex. E, email by Hunt concerning bank access, Ex. F, email chain concerning removal of Shields duties, Ex. G, email concerning removal of Wren duties.)

12.

Both Shields and Wren opted to make their misconduct complaints public, along with annotations concerning their defenses. They were joined in their email blast by Zan Currier, another club member, in emailing concerning the situation. (Ex. H, in globo emails by Currier, Shields, and Wren.)

13.

On the morning of May 4, 2022, Ms. Shields circulated via email blast using the club mailing list a letter and petition. The substance of the letter, which is addressed to the individual plaintiffs herein reads as follows:

> Dear Ms Hunt, Mr Hyatt, Ms Ostrom and Ms Wright,
>
> Today more than 20% of the membership filed a Petition for Removal of Directors pursuant to the Louisiana Revised Statute 224. Based upon your numerous violations of Statute, Bylaws, Robert's Rules of Order and AKC Regulations You are hereby

> relieved of your duties as Board Members of the ABLA and an interim board has been appointed filling the roles left behind by your departure.
>
> Thank You.
> Carol Shields
> President
> American Belgian Laekenois Association

(Ex. I, Shields letter and petition.)

14.

Although the citation provided by Ms. Shields is not a complete citation, it seems that she is referring to La. R.S. 12:224, the provision within Louisiana's Corporate law concerning the Board of Directors. For the convenience of the Court a copy of the current version of the statute is attached hereto. (Ex. J.) Despite Ms. Shields relying on a petition purportedly signed by 20% of the membership to remove the individual plaintiffs from office pursuant to La. R.S. 12:224, there is no provision whatsoever in La. R.S. 12:224 for the removal of officers and board members of a Louisiana corporation by a petition regardless of the percentage of shareholders, or in the case of a non-profit corporation members, who sign the petition.

15.

It is also impossible to tell what percentage of actual current members signed the petition at issue because, as is the subject of the misconduct complaint against Ms. Shields, she has never distributed to the rest of the ABLA Board a current membership list for review. (Ex. I.)

16.

It is also quite questionable that a number of the signatures on the petition are rather obviously signatures on post-it-notes which have been placed on a document and then copied. (Ex. I.)

17.

Although located in the Louisiana Code of Civil Procedure, Louisiana law provides for a substantive writ of quo warranto, by which the right of a corporate officer to hold office can be tested. La. C.C.P. arts. 3901-3902.

18.

Plaintiffs seek a determination by this Honorable Court as to whether the defendants are properly occupying the offices they now claim. In particular, Ms. Shields as President, Ms. Teresi as Vice-President, Ms. Doomy as Secretary, Jacqueline Tew as Board Member, and Vicki Bouchillon as Board Member.

19.

By purporting to accept new offices which they did not have before Ms. Shields and Ms. Doomy had to vacate their prior offices of Vice-President and Board Member respectively. Plaintiffs seek a judicial determination, whether by writ of quo warranto, declaratory judgment, or pursuant to the general equitable powers of the Court as to whether Ms. Shields and Ms. Doomy have surrendered their

20.

Plaintiffs submit that they under the prevailing applicable corporate law they are still officers and board members of ABLA and they pray for a judgment by this Court recognizing them as such.

21.

There is no common citizenship in this matter between any named plaintiff, entity or person, and any named defendant. Additionally, between the cash held by ABLA, the value of the power and authority to control the breed standard, and the ability to hold conformation and

other dog events, it is respectfully submitted that the value of the claims at issue exceed $75,000.00. Therefore, this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

22.

Venue is proper before this Honorable Court as ABLA is domiciled within the Eastern District of Louisiana, many of the critical events, including but not limited to the receipt and processing of the misconduct complaints occurred in the Eastern District of Louisiana, and the event Ms. Wren was the event secretary for that is at issue in the complaint of misconduct against her was held in Waldheim, Louisiana within the Eastern District of Louisiana. Therefore, venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2).

WHEREFORE, the American Belgian Laekenois Association, Inc., Sharri Hunt, Donald L. Hyatt, II, Sonja Ostrom, and Suzanne Wright, pray that, due proceedings be had and that there be judgment herein in favor of the American Belgian Laekenois Association, Inc., Sharri Hunt, Donald L. Hyatt, II, Sonja Ostrom, and Suzanne Wright and against Carol Shields, Lana Teresi, Jacqueline Tew, Katie Doomy (a/k/a Kathryn Toth), Vicki Bouchillon, for a writ of quo warranto and a judgment that the defendants do not occupy the corporate offices they have claimed as of May 4, 2022, a declaratory judgment that Ms. Shields and Ms. Doomy have surrendered their old offices by purporting to take new offices, and a judgment that the individual plaintiffs are still officers and board members of the American Belgian Laekenois Association, Inc., plus all costs

of these proceedings as defined or provided for by the Federal Rules of Civil Procedure, and for such other legal and equitable relief as the Court shall deem necessary and proper.

                Respectfully Submitted,

                _____s/Donald L. Hyatt, II_____
                DONALD L. HYATT, II (24808)
                DONALD L. HYATT, II APLC
                1217 Florida Street
                Mandeville, LA 70448
                Telephone: (504) 813-6727
                Facsimile: (866) 377-8671
                E-mail: hyattlaw@aol.com
                ***PRO SE AND AS COUNSEL FOR THE PLAINTIFFS, AMERICAN BELGIAN LAEKENOIS ASSOCIATION, INC., SHARRI HUNT, SONJA OSTROM, AND SUZANNE WRIGHT***